We are recording. Hear ye, hear ye. This Honorable Appellate Court for the Second Judicial District is now back in session. The Honorable Robert D. McLaren presiding. Your Honors, the second case on the docket this morning is 2-22-0196. The people of the state of Illinois, Plaintiff Apolli v. Muhammad Abdullah, Defendant Appellant. Arguing on behalf of the Appellant, Ms. Abigail Elmer. Arguing on behalf of the Appellee, Mr. David S. Friedland. Thank you. Ms. Elmer, you may proceed. Good morning, and may it please the Court. My name is Abigail Elmer, and I represent Muhammad Abdullah. The issue here is whether Abdullah's pro se post-conviction petition shows a colorable claim of actual innocence, sufficient to be advanced to second stage proceedings based on newly discovered affidavit from Robert Bunch, where the evidence presented in the affidavit was material, non-cumulative, and would change the result at retrial. For almost two decades, Mr. Abdullah has consistently maintained that the shooting of Marco Wilson was done in self-defense. He is now providing the newly discovered affidavit of Robert Bunch, who attests that he witnessed the shooting of Marco Wilson, and that it was Marco Abdullah's testimony that he tried to de-escalate the fight and only shot Wilson after Wilson pointed a gun at him from only five feet away. After two decades, I mean, how was this not discoverable on that day? He knew who was in the house, who was in the cart, the gang, correct? There was a large crowd that had gathered. This was a fight on the street prior to the shooting. A large crowd had gathered around the shooting, and in his petition, Mr. Abdullah says that he just didn't know that Robert Bunch had witnessed the shooting until Bunch came forward in his 2018 affidavit. But he was in the house during the, what was it, a dice game, correct? There was mention of a dice game in Mr. Bunch's affidavit, but he is in no way, in no part of the discovery mentioned. It's not clear that police knew he had been a part of that. He never was interviewed by police, and it's not clear that Mr. Abdullah had any idea that he was a part of that as well. Other people who were in the dice game were mentioned in the reports, and people who witnessed the shooting were also mentioned in the reports, correct? Yes. So they could have been interviewed about who else was there, what other people were there who may have been a witness, correct? Presumably, yes, but it's also, it's, counsel did interview witnesses and seems to have done their due diligence at the time based off the record that we have. There's no evidence that Bunch would have been mentioned, and in Abdullah's previous petitions, this court has considered whether his counsel was effective and found that his counsel was effective in investigating this case. In Mr. Abdullah's petition, does he outline or discuss how it was that Bunch was discovered? No, that is not in the petition or in the affidavit. That is something that at second stage proceedings would need to be better fleshed out, but that's, at this point, Abdullah just of diligence, does it not? Even in an initial petition, there has to at least be a color will claim that the defendant was diligent. Yes, there does, and it seems that here that has been established. His counsel at the time of trial did interview witnesses and was unable to find Robert Bunch. Why? He could have, he, the issue in Coleman, people versus Coleman, is they could have discovered this had he dug deeper, had he done more discovery. It's not like it would have been impossible to ever find this guy, would it? It's not clear from the record at this time because we don't have information about why he was unable to find Bunch. So again, that would be something that would be more appropriate for to investigate that matter. And in cases such as people versus Ortiz, this has also come into question where it was the witness that came forward was a fellow gang member, but the Illinois Supreme Court still found that even though the person was known to the defendant, where they didn't know he witnessed the crime, due diligence had still been done because they have found him because they did not know. What about the state's point that even Bunch's disclosure in light of the defendant's testimony, his interview in North Chicago where he at first denied any participation, then he came around and said, no, I actually shot, I shot first, and he was all over the board in his testimony on direct and then cross-examination where he again that he shot first. So the state's argument is that at best, at most, the defendant, Bunch helps the defendant potentially getting a second-degree murder verdict, and that's not complete exoneration, so it doesn't fit. To address, I think there's two things I'd like to address to that question. First, in, there was a mention by the state that Abdul in his testimony said that he shot first and then said that actually it was Marco Wilson who shot first. So when he said he shot first was an answer to a leading question by the state, but when he has spoken his own words, he has always contended that it was self-defense that Marco Wilson shot first, and that is exactly why this evidence is jury. The testimony of someone who in the moment was fearing for their lives and might not have completely been correct about what happened, it would have cleared that up for the jury. Additionally, in cases, in People v. Robinson, the court has found that newly discovered evidence does not have to be completely exonerating, and especially in this case where it's an it would have exonerated him of both. He's claiming self-defense when he admits that he was called to the scene to get involved in a confrontation, gets out of the car with a gun. Doesn't that make him the initial aggressor? No, because he tried to de-escalate the situation. He testified consistently that he asked Marco Wilson to put down the gun. He said, don't shoot three times. He said, let's fight instead, and in his own words when he testified, he said Marco Wilson pulled out the gun first, and only then did he, fearing for his life, also draw a weapon, but he did try to de-escalate the situation, and because he's raising this self-defense claim, it would change the outcome of both charges at trial. This evidence is also not cumulative. The state raised that it would be cumulative as an argument that would be cumulative as Abdullah testified to similar information at trial. However, it added to what the jury heard. At trial, the jury heard three state eyewitnesses who testified they did not see Wilson with a gun, and that Abdullah shot Wilson without Wilson shooting first, and Abdullah was unable to present a corroborating witness to his version of events. What about the state makes the argument that there's no reference in the defendant's pro se petition to who shot Melendez? How do you respond to that? There were two victims. Correct. There isn't a reference, but again, I think that goes to Robinson of that this does not have, the evidence presented does not have to be completely exonerating of who shot Melendez, but also the self-defense claim, again, would be an affirmative defense and was at trial to both shootings, and had the jury heard it, even if they believed he had shot Melendez, it still would have exonerated him of that charge as it would have been in self-defense. Did Bunch indicate if Melendez was shot by the victim? He, I believe, said that it was Marco Wilson who shot Melendez. So yes, he was shot by the victim. So it also clarifies that for the jury. Did Mr. Bunch indicate in his affidavit why he might be unavailable at trial? You know, like he was kidnapped by aliens or he went to Canada for five years or whatever. There doesn't appear to be anything in Mr. Bunch's affidavit that explains how it is that, or corroborates or even supports the rather vague statement that Mr. Bunch was discovered on such and such a date, but there is virtually no facts that I can recall that were alleged to indicate what the circumstances were. And if the defendant has the burden to establish diligence, how do you establish diligence in a vacuum? There is nothing at this time in his affidavit that says why he was unavailable at trial, but at the leave to file stage where it just needs to be a colorable claim taken as true, that's enough to move on to the second stage where counsel then can investigate, find out if he was unavailable and why. But at this time, the statement is taken as true in the petition. Bunch was unavailable. It seems he was a stranger to Abdullah. He was in a crowd where there were many witnesses and unknown to Mr. Abdullah. Were Bunch and the defendant in prison in the same location? The state in their response has attached some documents that make it seem like that is possible, but that's outside the record and not pertinent to the leave to file stage. Again, that is something that has to be addressed at second or even third stage proceedings. What those documents show is unclear and this is an inappropriate time to speculate. And that is something that needs to be investigated as the leave to file stage can only be decided on the record. Does Mr. Bunch have any background such that his claimed affidavit is an admission against interest? Nothing that is present in the record. In other words, what I'm getting at, isn't he in prison for murder and he's not going to get out pretty soon? Am I wrong? Did I misread that? I think that may be correct, but the questions of leave to file stage, the question is only, is there a colorable claim based off of the information taken as true? In light of the fact that the post-conviction petition is a collateral attack, you have to show cause and prejudice, right? Not for a question of actual innocence. To show actual innocence, the question is only, is it newly discovered material, not cumulative, and whether it would have changed the result at trial. And here, this evidence would have changed the result at trial as it would have put it in a new light. This wasn't a question of identification, only whether the shooting was done in self-defense. Why did the defendant flee if this was in self-defense? He took off and then he lies to the police. Is that a fact that we can look at? We look at the entire record, correct? Yes, and I believe that is contained in the record that he was scared, but that doesn't change that the shooting was still in self-defense, that he had feared for his life and believed that Marco Wilson was going to shoot him and his friend and that's why he acted the way he did. The state argues that this isn't newly discovered evidence, this is newly created evidence. And the point being that if it's newly created, how are we supposed to know the difference between the two if the petition and the affidavits don't do anything to indicate what prima facie the facts are? We're just told that this was discovered almost like America in 1492. And if I'm a little bit more sophisticated to know that it was Marigold Vespucci, I think, and maybe even the Vikings that visited before Columbus did. Bite your tongue, it was Columbus. Yes, an Italian working for a Spanish queen. But be that as it may, you were responding to my questions and pointing out these are questions for the second level or the second proceeding. Second stage. And if this is supposed to be something for the second stage, then it means that if anybody brings in newly discovered or newly created evidence that isn't specified as to what the limitations and parameters are that give the state the judicial notice relative to whether or not Mr. Bunch was in the county jail or was in prison at the time of the incident, it's putting an onerous burden on the entire system to spend time dealing with things that aren't specific enough to actually say, as you pointed out, that there would be a change in the proceedings. So how would you resolve this problem? Because I think you already said that the first stage requires a showing of diligence. And if you don't show us what the facts are relative to diligence, how can we make it, how can the trial court and us upon review conclude that you're correct? I see my time has expired. Would you like me to answer your question? You can answer the question if you can. I'd like to stress that this was a pro se petition. Mr. Abdullah was not represented by counsel in creating the petition. But additionally, that is the way the statute's written that at first stage, the questions of that is reserved for when counsel is appointed and a second stage proceeding by the statute. And while there may be questions that need to be answered, we can only at this stage consider what's in the record. And by the record of this case and the previous proceedings in front of this court, it seems that all due diligence has been done. This court has found that his counsel was effective. And so assuming they were effective, we have to assume that they did their due diligence here. Therefore, Mr. Abdullah asked that this case be remanded for second stage proceedings. Thank you. Any other questions from the panel? No. Thank you. Thank you. Thank you. You'll have an opportunity to make rebuttal. Thank you. Mr. Friedland? Good morning, Your Honor. Good morning. Good morning. My name is David Friedland. I represent the people of the state of Illinois. On behalf of the appellee in this matter, may it please the court, counsel. I do want to start, Justice McClaren specifically asked counsel whether or not the affidavit from Bunch referenced that the defendant shot, I'm sorry, that the victim shot Mr. Melendez. And I want that to be abundantly clear from the record that the affidavit says that the victim shot one time. It does not say that it hit Melendez. It does not mention Melendez. It does not mention hitting anyone. It says that he shot at Muhammad one time. So it does not reference shooting Mr. Melendez at all. Cooper and Bunch were never included in discovery, were they? No. So how was the defendant to know of them? Well, I believe what Justice Burkett mentioned, there's, he should have to allege something. He should have to allege that I interviewed the witnesses. We know that Leo Presley, that several of these people were in the house where the same, where Mr. Bunch and Mr. Cooper, well, Mr. Cooper doesn't allege he was in the house. Mr. Bunch alleges he was in the dice game. Nobody, where's the allegation that I asked this individual who else was in the dice game? You have Tom Alexander, the owner of the house. It's clearly identified because Mr. Bunch knows who he is. Where's the allegation that he attempted, made any attempt? I'm looking for one simple averment that we tried to find these witnesses and failed. And I think that's where this evidence does, is difficult. There is no possibility of doing a due diligence analysis. As Justice McLaren said, it poof, this appeared out of thin air. And I believe the fifth district court and people v Wingate, which had a very similar factual scenario to this case, did not criticize the lack of any finding or lack of any averment as to how a witness 14 years after the fact was there. And Walker and Wingate, really, you need to say why you didn't come forward before. Right. And Mr. Bunch doesn't do that. There's just nothing here, nor could he, aver why he didn't come forward earlier. Mr. Bunch writes just a complete self-serving affidavit in a vacuum. It's insufficient to establish the newly discovered evidence through due diligence. For those, those are the two reasons I've just enunciated. As your honor has indicated, I believe also, even if we get to the most important element here is the conclusive character. Is this information going to change the result on retrial? And it absolutely is not. At best, Mr. Bunch's affidavit corroborates one version of the defendant's testimony, just one. And he gave wildly inconsistent and contradictory testimony. I think... Mr. Friedland, in response to that, the defendant points out in his brief that the jury had questions. Even at trial, the jury had questions about what their verdict should be. How does that factor into your analysis? The parties both... It wasn't overwhelming. Well, I would disagree that it wasn't overwhelming. They had a nature of a dispute and asked, does our verdict have to be unanimous? What do we do? And they were re-instructed in agreement by both of the parties. And the jury was polled in this case afterward. If there's any issue as to whether the jurors were reluctant or that lacks confidence in the verdict, the fact that the jurors were individually polled suggests that they all came to the conclusion that they did. And that was as evidenced by their verdict, that they rejected the self-defense claim. And they, by finding... Again, going back to Mr. Melendez, which defendant doesn't address at all, they found that the defendant discharged the weapon. You would have had to find that the defendant killed Melendez and shot and killed Melendez in order to find him guilty of attempt murder. So there's no question what the jury's finding was here. They rejected that the victim... They rejected self-defense and they rejected that the victim, Mr. Wilson, shot and killed Melendez. Does Busch in his affidavit say how close he was to the shooting, where he was standing? No. He just gives a general description of what happened. There's no... It doesn't give distances and it doesn't indicate how close to what he saw. Does it indicate what the lighting was like? No, there's nothing about the lighting. This was two in the afternoon. It was in the early afternoon. But I want to go to... Because I think in reviewing the evidence in the matter, I think the defendant's written statement made close to the time in event is what really dooms his claim that Busch's affidavit is of such nature that the trial result would have been different. This is a gang hit and he says that. Justice Burkett, you mentioned that they arrived on scene to help their friend. But that's not an accurate description of what the defendant actually said in his written statement and his statements to Detective Dietz. He says that Jamil called him and they went and picked up Jamil. And then they went and picked up the other two guys. Jamil and... It was four guys that went over to the Greenfield area. These four guys go over into an area that they know is four-corner hustler territory. They're going into a gang spot. Jamil, by all accounts, goes up and sucker punches Luis Melendez and starts a fight. These guys are there to exact whatever revenge. This is a planned hit. The written statement says, so we like go over there to see what's going on. When we go down there at Greenfield, Jamil and Speedy got to fighting. And then he sees Marco get out of the car. The defendant's written statement is that they had Jamil before Jamil was over there. And they have to change that because he had other... And that's what establishes that the defendant here is the initial aggressor. He has to testify that he's going over to rival gang territory, to four-corner hustler territory, to rescue his friend Jamil. What on earth? And that's not credible. What on earth is Jamil doing in four-corner hustler territory by himself, starting a fight with another rival gang member? That's just simply incredible. And it's backed up by his own written statement. They got to get... Jamil calls them, hey, they were shooting at me. Defendant's written statement says, okay, I got Jamil. I picked up our other two guys. We get our gun. As the written statement says, we go over to Greenfield. Speedy gets out and he starts fighting... I'm sorry, Jamil gets out and he starts fighting with Speedy. I get out with my gun. What's happening here is evidently from the defendant's own written statement. Additionally, in his written statement, he does not say that Marco Wilson has a gun. He looked at me. This is after Marco gets out of the car. He looked at me and started walking to me. Oh, I'm sorry. I want to back up. I seen Marco getting out of the backseat of the car and he was stuffing something down his pants under his shirt. He doesn't say Marco has a gun. He then starts walking towards Jamil and Speedy. Plus it was like four or five other little fours out there as well. Yes, I'm scared. And then he says, I told Marco, don't pull it. But at the time the defendant has the gun, he doesn't know what Marco has. And additionally, his written statement corroborates what all the other independent witnesses said. And this is the crux of why Marco's... I'm sorry, Bunch's affidavit isn't going to change the result. So when he walked up to me, being Marco to the Nowhere in this written statement, which was admitted substantively, nowhere does he say that the victim pulled a gun, had a gun and pointed a gun at him. He's saying his written statement is that he, the victim tried to take my gun, but I pulled the trigger first and got him. There's no threat here. So come take the defendant's written statement, combine it with all his other, his completely inconsistent trial testimony of whether he shot first or whether Marco shot, aiming at the ground after he was shot, all of this inconsistent. You take Bunch's affidavit and at best, you get corroboration for one version. And that's not likely to change the result at retrial. So your honors, based on that, I would submit that even looking in the most, even assume taking Mr. Bunch's affidavit is true, which I understand at this stage must. It's not likely to change the result on retrial and therefore the trial court's dismissal of the petition at the first stage should be affirmed. Any questions? No. Thank you, sir. Thank you very much, your honors. Ms. Elmer, you may proceed with your rebuttal. Thank you. I'd like to mainly focus on the conclusive character of this new evidence and how it would have changed the result at retrial. The state has presented a lot of evidence from the written statement by Abdullah. However, that wasn't what was testified to at trial. What the jury heard from witnesses was from the two state witnesses and from Mr. Abdullah, which had a gun. This prior written statement was not heard by the jury. And in People v. Wilson, the first district has found that even when six witnesses presented by the state have testified to one version of events, one contradictory version of events from one new defense witness is still such a conclusive character that it's worth second stage proceedings and retrial and being heard by the jury. And I would like to address what Justice Burkett, I believe, brought up, which was the jury note they sent out to the court during deliberations saying, if the jury is not unanimous, do we all have to sign the same form? If we cannot agree on a It is clear from that note that this was a close case, that they were considering the self-defense claim. They were considering at least second degree because they said the other offense. Yes. Yeah. So we know that the jury, at least at some point, at least one juror or possibly more had questions. Correct. And while they did ultimately find Mr. Abdullah guilty, it was without Bunch's testimony. It was without Cooper's testimony. Before we even get to where you're going, don't we have to understand why Bunch's and Cooper never came forward? Did they make themselves unavailable? I mean, were they out of town? Were they afraid they were going to be threatened by gang members? Were they afraid of violating the fifth, their own innocence? What was the reason why there was no reason given in his affidavit as to why it took him over 10 years to come forward? Cooper's affidavit provides more information. He says he did not want to get involved. And it was only after what he learned was the outcome of trial that he decided he needed to come forward and tell the truth. Bunch's affidavit doesn't contain that information. But again, this was a pro se petition. And having counsel appointed could clear up these questions of availability at this point. It seems that based on the record, counsel has done their due diligence, they interviewed witnesses. And this court considered Cooper's affidavit in the last petition filed by Abdullah, where he asked the court to find his counsel ineffective for not interviewing Abdullah. And this court found that counsel had been effective in its investigation of in its investigation of the case. And so taking that decision, it seems that he has done his due diligence. I think it's safe to say that whatever the Court of Review said, was based upon the record. And I think it's also obvious that the record doesn't make any reference whatsoever to either of the two affidavits. And so your, your syllogism is an enthemy because it presumes a mentioning, which is that because of these unknowns, that therefore, if they're unknowns, it must end the trial, counsel was found competent, then it must mean that he was diligent. And the problem is, is that that premise is that you don't mention is the idea that had he done a search, he would have found these people. And therefore, since you didn't do a search, he must be, we must now deem it to have been diligent. In so far as coming forward with this new evidence, and your syllogism just doesn't work. The record is all we have to go on at this point. And in the record, Bunch and Cooper are never mentioned. There's no evidence that counsel wasn't effective and that he didn't do his due diligence. And for these reasons, Mr. Abdullah asked that this court remand for second stage proceedings. Thank you. Any other questions? Thank you. I'm going to ask one question. What is it that's contained in the record that indicates that the trial courts ruling was against the manifest weight of the evidence? On the petition? Petition and the affidavits. Abdullah here has provided an affidavit from Cooper and Bunch that say, he, that they saw Wilson with a gun and that the shooting was in self-defense. He's established a colorable claim of actual innocence that it's newly discovered, not cumulative material and changes, which the outcome of trial. All he needs to do is show a colorable claim and he has done that here. Relative to diligence, how is the trial courts findings against the manifest way to the evidence? The court at this stage can only go on what's in the record and there is nothing to show that counsel wasn't diligent. Every, it points to a diligent counsel who provided effective assistance here. I think Justice McClaren's question is diligence by the defendant. We can affirm on any basis supported by the record. The trial court found no cause of prejudice, but we can affirm on any basis supported by the record. We're in the record. Is there any evidence that the defendant acted with due diligence, aside from his attorneys not interviewing these other people? I mean, the only thing in the record is, is the lack of Bunch and Cooper. That just is what we have here. Okay. That's all. Thank you. Any other questions? Thank you. We'll take the case under advisement and render a decision in app time. Mr. Marshall, you may close out the proceedings. Thank you.